UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAIME MORALES GUILLERMO,
                Plaintiff.

v.

DEPARTMENT OF HOMELAND SECURITY,
CITIZENSHIP AND IMMIGRATION SERVICES,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
and CUSTOMS AND BORDER PROTECTION,

                Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER
CV-04-5631

## I. Introduction

Plaintiff, Jaime Morales Guillermo, alleges that defendants have improperly withheld documents responsive to a request that he made under the Freedom of Information Act ("FOIA"). Jurisdiction is based on Section 552(a)(4)(B) of Title 5 of the United States Code. He seeks an order enjoining defendants from withholding agency records, and for attorney fees. Complt. ¶ 4, Prayer for Relief ¶¶ 1, 3. Defendant moves to dismiss on the ground that plaintiff is not entitled to any relief under the FOIA because the Department of Homeland Security ("DHS") released all responsive documents and portions of documents that were not exempt from disclosure under Section 552(b). The case is set for argument at 11:30 A.M. on July 7, 2005.

On February 3, 2003, the Immigration and Naturalization Service ("the INS") received a Form G-639 ("Freedom of Information and Privacy Act Request") from plaintiff's attorney, requesting a copy of plaintiff's entire file pursuant to the FOIA. Declaration of Sarah M. Jones dated June 3, 2005 ("Jones Decl.") ¶ 4, Ex. A; *see* Complt. ¶ 6, Ex. A. The form was signed by plaintiff, who consented to the release. Jones Decl. Ex A; Complt. Ex. A.



The INS assigned the request Control Number NYC2003000999 on February 6, 2003. Jones Decl. ¶ 4. The FOIA staff searched the Central Index System (CIS) under the Alien Registration Number for plaintiff listed on the request form (A43 947 365), and determined that plaintiff's file was located in New York City. *Id.* ¶ 5; *see id.* ¶ 3. It then queried the Records and A File Accountability and Control System ("RAFACS"), ascertained that plaintiff's file was at the Wackenhut facility in Jamaica, New York, and requested the file. *Id.* ¶ 5.

After receipt of plaintiff's file on April 24, 2003, the FOIA Unit scanned the responsive records into the Freedom of Information Processing System ("FIPS"). Jones Decl. ¶ 6. A specialist reviewed the documents and determined that thirty-two pages in full and four pages in part were exempt from disclosure pursuant to FOIA Exemptions 5, 7(C), and 7(E), 5 U.S.C. § 552(b)(5), 7(C), and 7(E). *Id.* ¶ 7.

By letter dated May 30, 2003, plaintiff's attorney was advised of the results of the search. Fees were ultimately paid for duplication, and the FOIA Unit released the non-exempt responsive records. Jones Decl. ¶ 10, Ex. D. The letter accompanying the documents states that 521 pages were being released in full and four pages were being released in part (*i.e.*, with redactions). Jones Decl. Ex. D; *see* Complt. ¶ 7, Ex. B. The letter explains that information was redacted from four pages and that thirty-two pages were being withheld in full pursuant to 5 U.S.C. § 552(b)(5), 7(C), and 7(E). *Id.*

Plaintiff filed an administrative appeal. It was received by the FOIA Unit at DHS headquarters, the component responsible for processing appeals, on April 8, 2004. Jones Decl. ¶ 11.

This action under the FOIA was filed on December 23,, 2004. Defendants filed and

served their Answer on March 25, 2005.

The only matter apparently at issue is whether non-exempt responsive documents were improperly withheld or redacted.

## II. *In Camera* Inspection

The court may order an *in camera* inspection to determine if documents have been improperly withheld. Section 552 (a)(4)(B) of the United States Code provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

*In camera* inspection is a generally disfavored practice except where the court believes the issue cannot be resolved conveniently by other means. Courts are expected to first review the agency's *Vaughn* affidavit. This is a comprehensive listing of each withheld document cross-referenced with the FOIA exemption under which the agency is withholding it. The court may supplement the *Vaughn* affidavit with an *in camera* inspection if necessary.

As already noted, in the instant case the defendant has submitted a *Vaughn* affidavit (*see* Exhibit E to the Jones Declaration). If the court decides that this information is not sufficient to

3

determine whether the withheld documents properly fall within one of FOIA's exemptions, an *in camera* inspection is appropriate.

The FOIA requires that records and information in the possession of a federal agency be made available to members of the general public who request it. 5 U.S.C. § 552. Documents can be withheld by the agency if they fall into one of nine categories that are exempted from release by the FOIA. *See Administrator, Federal Aviation Admin. v. Robertson*, 422 U.S. 255, 261 (1975); *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279, 287 (2d Cir. 1999). Where there is a dispute as to whether documents are properly withheld the district court reviews the issue *de novo*. *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279, 287-88. A problem is presented when a description of why the document is exempt would reveal the very information that the agency is properly trying to protect. In such cases, the FOIA specifically authorizes the use of *in camera* inspection to determine whether the documents are properly withheld under a FOIA exemption, at the discretion of the district court. 5 U.S.C. § 552(a)(4)(B).

Where there are other reasonable means of determining the exemption status of the documents, *in camera* inspections should be avoided. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) ("The *in camera* review provision is discretionary by its terms, and is designed to be invoked when the issue before the district court could not be otherwise resolved."); *Local 3, Intern. Broth. of Elec. Workers, AFL-CIO v. N.L.R.B.*, 845 F.2d 1177, 1179-80 (2d Cir. 1988) ("*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion."); *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279; *Ray v. Turner*, 587 F.2d 1187 (D.C.Cir. 1978); *Ingle v. Department of Justice*, 698 F.2d 259 (6th Cir. 1983).

The district court usually decides whether the documents are within the scope of the FOIA exemptions is by review of a *Vaughn* affidavit or index. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973); *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279 (2d Cir. 1999) (discussing *Vaughn* and the history and development of the *Vaughn* affidavit). A *Vaughn* submission includes affidavits from the agency "that describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure; the description provided in the affidavit must show that the information logically falls within the claimed exemption." *Lesar v. United States Dep't of Justice*, 636 F.2d 472 at 481 (D.C.Cir.1980). The Court of Appeals for the Second Circuit has adopted this standard; it has emphasized that it is the function, not the form, of the *Vaughn* affidavit that is important, stating that it has "eschewed rigid adherence to any particular indexing format under the *Vaughn* standard, opting instead for a functional approach." *Halpern*, 181 F.3d at 291.

Out of concern for the preservation of the adversarial process as well as judicial resources, *in camera* inspection should not be routinely used as a substitute for a *Vaughn* affidavit. It is a useful tool if the status of the documents in question cannot be determined by the *Vaughn* affidavit alone. A "restrained approach" allows *in camera* inspection "where the record showed the reasons for withholding were vague or where claims to withhold were too sweeping or suggestive of bad faith, or where it might be possible that the agency had exempted whole documents simply because there was some exempt material in them." *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279, 292. *See also Lead Industries Asso. v. Occupational Safety & Health Administration*, 610 F.2d 70 (2d.Cir. 1979). Where "the affidavit is sufficiently detailed to place the documents within the claimed exemptions, and where the government's

5

assertions are not challenged by contrary evidence or a showing of agency bad faith," the district court should *not* exercise its discretion to order *in camera* inspection. The standard of review on appeal of an *in camera* inspection is *de novo*. *Halpern*, 181 F.3d at 287-88.

In the instant case, the defense submitted a Memorandum of Law in Support of the Defendant's Motion for Judgment on the Pleadings which briefly describes the thirty-two full pages and the four redacted pages that are in question, dividing them based on the FOIA exemptions under which the defendant claims they are properly withheld, and briefly describing why each fits under a relevant exemption. The defense also included a *Vaughn* index as Exhibit E to the Memorandum.

Before ordering an *in camera* inspection of the excluded or redacted documents, the court will review the defense's *Vaughn* index to determine whether it sufficiently describes why they fall under FOIA exemptions. As the Second Circuit Court of Appeals stated in *Halpern*, it is "the government's level of specificity in explaining" the redactions or withholdings that is ultimately in question in deciding whether *in camera* inspection is appropriate. *Halpern*, 181 F.3d at 287.

### III. Preparation for Hearing

A hearing on defendant's motion for judgment has been set for July 7 at 11:30 A.M. The defendant is requested to bring to court sealed copies of the portions of the documents sought that have been denied. *If* it should then appear that an *in camera* inspection is required, the court can immediately make the inspection and promptly close the case.

SO ORDERED.

Jack B. Weinstein
Senior U.S.D.J.

Dated: June 16, 2005
      Brooklyn, New York